UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRIAN RAYBURN, *et al.*,

                        Plaintiffs,

    -against-                                                        8:17-CV-48 (LEK/CFH)

CSX TRANSPORTATION, INC.,

                        Defendant.

---

CSX TRANSPORTATION, INC.,

                        Defendant/
                        Third-Party
                        Plaintiff,

    -against-

NIAGARA MOHAWK POWER
CORPORATION,

                        Third-Party
                        Defendant.

---

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiffs Brian and Kayla Rayburn commenced this action against defendant CSX Transportation, Inc. on December 6, 2016, by filing a complaint in the New York State Supreme Court in St. Lawrence County. Dkt. No. 2 ("Complaint"). CSX removed the action to this Court on January 17, 2017. Dkt. No. 1 ("Notice of Removal"). CSX impleaded Niagara Mohawk Power Corporation, Brian Rayburn's employer, as a third-party defendant on January 26, 2017. Dkt. No. 8-1 ("Third-Party Complaint"). Niagara moved for a judgement on the pleadings on

April 7, 2017. Dkt. No. 27 ("Niagara's Motion"). CSX filed a declaration in partial opposition on May 19, 2017, and also requested that the Court dismiss its third-party action without prejudice. Dkt. No. 37 ("CSX's Motion"). For the following reasons, CSX's Motion is denied, and Niagara's Motion is granted.

## II.  BACKGROUND

On May 20, 2016, Mr. Rayburn was working in Gouverneur, New York, as an employee of Niagara. Compl. ¶¶ 7, 12.[1] Plaintiffs allege that as part of his job, he used a ladder to access a utility pole owned by CSX in order to work on the electrical power lines attached to it. Id. ¶¶ 12–16. The power lines were owned by Niagara and provided electricity to CSX's railroad crossing. Id. ¶¶ 10–15. Plaintiffs further allege that the utility pole broke while Mr. Rayburn was accessing it, causing him to fall to the ground and to sustain "significant personal injuries." Id. ¶¶ 17–19. Mr. Rayburn now sues CSX for negligence, id. ¶¶ 23–27, and New York State labor law violations, id. ¶¶ 29–34. Mrs. Rayburn seeks damages for the loss of "love, compassion and services of her husband." Id. ¶¶ 37–39. CSX raises a number of defenses to Plaintiffs' claims, including that any injuries to Mr. Rayburn were a result of his culpable conduct and that Mr. Rayburn assumed the risk. Dkt. No. 6 ("Answer") ¶¶ 6, 8.

On January 16, 2017, CSX brought a third-party action against Niagara as Mr. Rayburn's employer and owner of the electrical power lines, seeking indemnification. Third-Party Compl. ¶ 16. CSX alleges that Niagra's negligence caused Mr. Rayburn's injuries, id. ¶ 22, and that

---

[1] The Complaint alleges that Mr. Rayburn was "an employee of National Grid, an electricity and gas utility company." Compl. ¶ 9. However, it was later determined that Mr. Rayburn was actually an employee of Niagara. Dkt. No. 27-1 ("Cost Declaration") ¶ 5; see also Dkt. No. 27-2 ("2014 Wages Summary").

"agreements and understandings were in place whereby" Niagara would seek permission from CSX before accessing the pole in question, id. ¶ 8. Niagara argues, among other defenses, that CSX's claims are barred by New York State Workers' Compensation Law § 11, which precludes third-party indemnification of employers, absent limited exceptions. Dkt. No. 21 ("Answer to Third-Party Complaint") ¶ 37. Niagara moved for judgment on the pleadings, arguing that employer indemnification is barred by the Workers' Compensation Law and that CSX has not alleged either a grave injury or an express indemnification agreement, which would allow for indemnification. Niagara's Mot.

On May 17, 2017, CSX submitted a letter to the Court offering to execute a stipulation dismissing the Third-Party Complaint without prejudice. Dkt. No. 36 ("Letter Brief"). Niagara rejected the offer, instead offering to accept a dismissal with prejudice. Dkt. No. 37-2 ("Cost E-mail"). Following this exchange, CSX responded to Niagara's Motion on May 19, 2017. CSX's Mot. CSX again requested that the Court dismiss the Third-Party Complaint without prejudice because CSX did not yet know if Mr. Rayburn sustained grave injuries that would allow CSX to indemnify Niagara under New York law. Id. ¶¶ 11–12.

### III. LEGAL STANDARD

#### A. Voluntary Dismissal by Court Order

Under Rule 41(a)(2) of the Federal Rules of Civil Procedure, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph is without prejudice." "[D]ismissals are at the district court's discretion." D'Alto v. Dahon Cal. Inc., 100 F.3d 281, 283 (2d Cir. 1996) (citing Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990)).

In considering when dismissal without prejudice would be proper, "[t]wo lines of authority have developed" in the Second Circuit. Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006). The first "line indicates that such a dismissal would be improper if 'the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" Id. (quoting Cone v. W. Va. Pulp & Paper Co., 330 U.S. 212, 217 (1947)). The second "line indicates that the test for dismissal without prejudice involves consideration of various factors, known as the Zagano factors." Id. (citing D'Alto, 100 F.3d at 283; Zagano, 900 F.2d at 14). In Zagano, the Second Circuit, noting that "[v]oluntary dismissal without prejudice is . . . not a matter of right," outlined five "[f]actors relevant to the consideration of a motion to dismiss without prejudice." Zagano, 900 F.2d at 14. These factors are: (1) "the plaintiff's diligence in bringing the motion;" (2) "any 'undue vexatiousness' on plaintiff's part;" (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial;" (4) "the duplicative expense of relitigation;" and (5) "the adequacy of plaintiff's explanation for the need to dismiss." Id. (citing Bosteve Ltd. v. Marauszwki, 110 F.R.D. 257, 259 (E.D.N.Y. 1986); Harvey Aluminum, Inc. v. Am. Cyanamid Co., 15 F.R.D. 14, 18 (S.D.N.Y. 1953)). The Zagano "factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011).

### B. Motion for Judgment on the Pleadings

The standard for a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure "is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006) (citing Karedes v. Ackerley Grp., Inc., 423 F.3d 107, 113 (2d Cir. 2005)). To avoid dismissal, a

4

"complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of the plaintiff. Allaire Corp. v. Okumus, 433 F.3d 248, 249–50 (2d Cir. 2006). Plausibility, however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Where a court is unable to infer more than the possibility of misconduct based on the pleaded facts, the pleader has not demonstrated that he is entitled to relief, and the action is subject to dismissal. Id. at 678–79. Nevertheless, "[f]act-specific question[s] cannot be resolved on the pleadings." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (second alteration in original) (quoting Todd v. Exxon Corp., 275 F.3d 191, 203 (2d Cir. 2001)). Presented with "two plausible inferences that may be drawn from factual allegations," a court "may not properly dismiss a complaint that states a plausible version of the events merely because the court finds a different version more plausible." Id.

## IV. DISCUSSION

### A. Workers' Compensation Law Section 11

Whether this case should be dismissed with or without prejudice largely turns on New York State Workers' Compensation Law § 11. Section 11 "protects employers by barring

5

third-party actions against them 'except in *extremely* limited, defined circumstances.'" Fleming v. Graham, 886 N.E.2d 769, 772 (N.Y. 2008) (emphasis in original) (quoting Castro v United Container Mach. Grp., 761 N.E.2d 1014 (N.Y. 2001)). Because of this, "[a]bsent an express indemnification agreement, or a 'grave injury' as enumerated in Workers' Compensation Law § 11, an employer's liability for an employee's on-the-job injury is ordinarily limited to workers' compensation benefits." Id. (citing Tonking v. Port Auth. of N.Y. & N.J., 821 N.E.2d 133 (N.Y. 2004)).

In order to obtain indemnity from Niagara, CSX must show either that (1) Mr. Rayburn sustained a "grave injury" as defined under § 11, or (2) there was an express indemnification agreement between the third-party plaintiff and the employer-third-party defendant. N.Y. Workers' Comp. Law § 11.

### B. Voluntary Dismissal by Court Order

While CSX did not move for voluntary dismissal under Rule 41(a)(2), CSX did notify the Court of its willingness to dismiss its claims against Niagara, without prejudice, in both a letter to the Court, Letter Br., and in response, CSX's Mot. Because "Rule 41(a)(2) does not explicitly require a formal motion by the plaintiff," United States v. Cathcart, 291 F. App'x 360, 361 (2d Cir. 2008), and because Niagara had an opportunity to respond, Dkt. No. 40 ("Niagara Reply"), the Court will construe CSX's request as a Rule 41(a)(2) motion.

In considering a voluntary dismissal without prejudice, the Court is not persuaded that Niagara would not "suffer some plain legal prejudice" if CSX were allowed to voluntarily dismiss the Third-Party Complaint without prejudice. Camilli, 436 F.3d at 123 (citing Cone, 330 U.S. at 217). The first of the factors, "the plaintiff's diligence in bringing the motion," Zagano,

6

900 F.2d at 14, does not support dismissal. Here, CSX waited until it was "compelled to file" its opposition to Niagara's Motion to request dismissal. CSX's Mot. ¶ 2. CSX contends that it requested dismissal "[b]ased upon the review of the records provided." Id. ¶ 6. It does not, however, appear that CSX has investigated whether Mr. Rayburn sustained a grave injury. CSX offers no reason why it was unable to request a dismissal any earlier, indicating a lack of diligence. In waiting until the last day to move for dismissal, CSX was "not diligent in taking action, but only self-protective." Krivchenko v. Clintondale Aviation, Inc., No. 13-CV-820, 2014 WL 4684808, at *12 (N.D.N.Y. Sept. 18, 2014).

The second Zagano factor is whether there was "any 'undue vexatiousness' on plaintiff's part." 900 F.2d at 14. "Courts define 'undue vexatiousness' to mean that the plaintiff acted with 'ill-motive' in bringing or maintaining its claims." Morgan v. Town of Dewitt, No. 12-CV-1136, 2013 WL 5217947, at *5 (N.D.N.Y Sept. 16, 2013) (Kahn, J.) (quoting S.E.C. v. Chakrapani, Nos. 09-CV-325, 09-CV-1043, 2010 WL 2605819, at *8 (S.D.N.Y. June 29, 2010)). Here, CSX does not address Niagara's Motion and has requested a voluntary dismissal without prejudice on the chance that it can find that Mr. Rayburn suffered a "grave injury" as defined under New York's Workers' Compensation law. CSX's Mot. ¶¶ 7–9. However, New York courts have held that when an injured plaintiff has not alleged "that he suffered an injury which may be characterized as grave within the meaning of the Workers [sic] Compensation Law, [it is] established, *prima facie*, that plaintiff did not suffer a grave injury." Regno v. City of New York, No. 109524/09, 2010 WL 3940890, at *7 (N.Y. Sup. Ct. Oct. 4, 2010) (collecting cases), aff'd, 931 N.Y.S.2d 71 (App. Div. 2011). Because Mr. Rayburn has not alleged a grave injury and CSX has not alleged an express indemnification agreement, it is almost certain that Niagra is immune

under § 11. This indicates that CSX is being unduly vexatious and is only requesting dismissal to avoid an adverse decision. See, e.g., Krivchenko, 2014 WL 4684808, at *12 ("Plaintiffs' failure to deny the facts that support Defendant's summary judgment motion, along with their expressed desire to have the case dismissed without prejudice so the action can be brought in another forum, indicate an undue vexatiousness. Plaintiffs do not deny their claim against [the defendant] lacks merit, yet they seek to preserve their right to raise it again.").

The next two factors, "the extent to which the suit has progressed, [and] the duplicative expense of relitigation," Zagano, 900 F.2d at 14, weigh in favor of voluntary dismissal. These factors generally "weigh[] against dismissal without prejudice only if the case has progressed to an advanced stage, such as the eve of trial, or when discovery is complete and partial dispositive motions have been adjudicated." Morehouse v. Clifford, No. 14-CV-1359, 2016 WL 51254, at *7–8 (N.D.N.Y. Jan. 4, 2016) (citing Zagano, 900 F.2d at 14–15; Jewelers Vigilance Comm., Inc. v. Vitale Inc., No. 90-CV-1476, 1997 WL 582823, at *8 (S.D.N.Y. Sept. 19, 1997)). Here, CSX filed the Third-Party Complaint in January 2017, Third-Party Compl., approximately one month after Plaintiffs commenced this action. Discovery has only just begun and is not to be completed until next spring. As Mr. Rayburn's employer, Niagara will still have expenses regarding this litigation as they will be subjected to discovery requests as a third-party. However, the costs of non-party production are generally less than production when defending against a complaint and risking an adverse judgment.

Although factors three and four favor CSX's request for dismissal without prejudice, the fifth factor, "the adequacy of plaintiff's explanation for the need to dismiss," Zagano, 900 F.2d at 14, does not. The strongest argument CSX offers in support of dismissal without prejudice is that

8

it can later implead Niagara if discovery reveals that Mr. Rayburn sustained grave injuries. CSX's Mot. ¶ 12. However, this is not compelling because as noted above, when an injured plaintiff has not alleged "that he suffered an injury which may be characterized as grave within the meaning of the Workers [sic] Compensation Law, [it is] established, *prima facie*, that plaintiff did not suffer a grave injury." Regno, 2010 WL 3940890, at *7. As such, CSX is not entitled to discovery now to determine if Mr. Rayburn suffered a grave injury. The fact that CSX offers no compelling reason why its Third-Party Complaint should be dismissed without prejudice suggests "that [CSX's] motion . . . is about [its] desire to avoid judgment. Such is not the purpose of a motion for voluntary dismissal." Krivchenko, 2014 WL 4684808, at *4 (citing Soul Circus, Inc. v. Trevanna Entm't, Inc., 249 F.R.D. 109, 110 (S.D.N.Y. 2008)). CSX's delay in bringing its Motion, coupled with the failure to substantively respond to Niagara's Motion, further supports this conclusion.

On balance, the Court concludes that Niagara would "suffer some plain legal prejudice" if CSX were allowed to voluntarily dismiss the Third-Party Complaint without prejudice. Camilli, 436 F.3d at 123 (citing Cone, 330 U.S. at 217). Therefore, CSX's Motion is denied.

### C. Motion for Judgment on the Pleadings

To survive a motion for judgment on the pleadings, a defendant seeking indemnification from the plaintiff's employer must plausibly allege that either that (1) the plaintiff sustained a "grave injury" as defined under Workers' Compensation Law § 11, or (2) there was an express indemnification agreement between the third-party plaintiff and the employer-third-party

9

defendant. N.Y. Workers' Comp. Law § 11. Because neither exception applies here, Niagara is entitled to judgement on the pleadings.[2]

Under § 11, "grave injury" is defined as

> death, permanent and total loss of use or amputation of an arm, leg, hand or foot, loss of multiple fingers, loss of multiple toes, paraplegia or quadriplegia, total and permanent blindness, total and permanent deafness, loss of nose, loss of ear, permanent and severe facial disfigurement, loss of an index finger or an acquired injury to the brain caused by an external physical force resulting in permanent total disability.

Id. ¶ 3. Neither CSX nor the Plaintiffs allege that Mr Rayburn sustained a "grave injury" in his accident. Compl.; Third-Party Compl. As noted above, New York courts have held that when an injured plaintiff has not alleged "an injury which may be characterized as grave," is it established, *prima facie*, that there was not a grave injury. Regno, 2010 WL 3940890, at *7 (granting summary judgment on the basis that the third-party plaintiff was not entitled to discovery on the plaintiff's injuries when the plaintiff did not allege a grave injury).

Because Rayburn does not allege any "grave injuries" and CSX does not introduce any facts that would "raise a reasonable expectation that discovery will reveal evidence" to show a grave injury, Twombly, 550 U.S. at 556, CSX's effort to seek indemnification from Niagara cannot survive Niagara's Motion. Therefore, Niagara is entitled to judgment on the pleadings and the Third-Party Complaint is dismissed.

---

[2] Section 11 does not "abrogate 'the power of a third party to recover under express contractual obligation between the employer and the third party.'" Flores v. Lower E. Side Serv. Ctr., 828 N.E.2d 593, 596 (N.Y. 2005) (quoting Majewski v. Broadalbin-Perth Cent. Sch. Dist., 696 N.E.2d 978, 979 (N.Y. 1998)). However, CSX does not allege the existence of an express contractual agreement between it and Niagara. As there was no agreement, CSX cannot seek indemnity on this ground.

V.  **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that CSX's Motion (Dkt. No. 37) is **DENIED**; and it is further

**ORDERED**, that Niagara's Motion (Dkt. No. 27), is **GRANTED**; and it is further

**ORDERED**, that CSX's Third-Party Complaint (Dkt. No. 8-1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:  October 31, 2017
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge